JONES v. SISTERS OF CHARITY OF THE INCARNATE WORD. (No. 6707.)

(Court of Civil Appeals of Texas. Galveston. Dec. 16, 1914. Rehearing Denied Jan. 14, 1915.)

HOSPITALS ☞7 — LIABILITY FOR DEATH — NEGLIGENCE.

Where a hospital in which there was a patient suffering from smallpox received plaintiff's wife as a pay patient therein without informing her or her relatives of the existence of the smallpox, but her physician knew of its presence, and plaintiff's wife was assigned to a room in the building apart from that in which the smallpox patient was, and the strictest precautions were taken to prevent the spread of the disease, the failure to notify plaintiff or her relatives of the presence of smallpox was not negligence which renders the hospital liable for the death of plaintiff's wife resulting from smallpox contracted therein.

[Ed. Note.—For other cases, see Hospitals, Cent. Dig. § 13; Dec. Dig. ☞7.]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by W. B. Jones against Sisters of Charity of the Incarnate Word. Judgment for defendants, and plaintiff appeals. Affirmed.

Geo. G. Clough, Henry O'Dell, and Thos. C. Turnley, all of Galveston, for appellant. James B. & Charles J. Stubbs, of Galveston, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against the appellee to recover damages. For cause of action plaintiff alleges:

"That on or about the 14th day of January, A. D. 1913, he placed his wife, Emeline Jones, in the hospital or infirmary of the defendant, known as St. Mary's Infirmary, in Galveston county, Tex., for the performing of a simple operation, and, for the purpose of such operation and the necessary and proper care and attention following the same, engaged a room in said infirmary of and from the defendant, through its agents and the persons intrusted by defendant with the conduct of its business in Galveston, paying therefor, and agreeing to pay therefor, for each week while such patient should occupy a room therein, the sum of $17.50 per week. That, pursuant to such agreement and contract, the defendant, through its agents and the persons to whom it intrusted its business in Galveston, received such patient, the wife of plaintiff, and assigned her to a room within its infirmary, and the same was continued to be occupied by said patient until on or about the 6th day of February, A. D. 1913, at which date she died in said infirmary of the defendant, of smallpox, contracted therein.

"Plaintiff would show to the court: That the room to which the wife of plaintiff had been assigned by the defendant, through its agents and the person intrusted with the management of its business in Galveston, was one in which a patient had a short time before died of smallpox; and that the plaintiff and the patient, the wife of plaintiff, were ignorant of such fact; and that such fact had not been communicated to either the plaintiff or his wife, but that the same was concealed from them and each of them. That had such fact been communicated to plaintiff, or had it been made known to him by defendants, or by any one, that such building so occupied by defendant had harbored or treated a patient suffering with smallpox, within any period of time less than six months previous, he would not have permitted his wife to have entered said building. And that the defendants and their agents and the persons intrusted with the duty of handling its affairs in Galveston were guilty of gross negligence in the premises, by failing and refusing to so notify the plaintiff, and by failing and refusing to provide isolated premises for the treatment of such contagious diseases.

"Plaintiff would further show to the court that by reason of the negligent acts and omissions of the defendants and its agent, and the persons intrusted with the duty of attending to its infirmary at Galveston, as above stated, his wife contracted smallpox in said hospital or infirmary of defendant, and died therein; and that by reason of the gross negligence of the defendant, its agents and the persons intrusted with the duty of attending to its affairs in Galveston, he has forever lost the companionship of his wife and been deprived of her society and aid; that he suffered great anguish and humiliation, and great stress of mind, by reason of the said death of his wife, which could and should have been avoided on the part of the defendant, its agents and the persons intrusted with the duty of managing its hospital business, and to his great and lasting damage, $20,000."

The defendant answered by general demurrer and general denial. Upon the close of the evidence, the trial court instructed the jury to find a verdict for the defendant, and upon the return of such verdict judgment was rendered in accordance therewith.

The facts established by the undisputed evidence are as follows: On the 14th of January, 1913, plaintiff's wife, who had been in bad health for some time, came to Galveston from her home in Chambers county to consult a physician. Her husband did not come with her, but she was met at Galveston by her son, a grown man, who acted for plaintiff in furthering the purpose of his mother's visit. Soon after her arrival in Galveston, she consulted and was examined by Dr. Randall, a prominent physician and one of the faculty of the State Medical College, and was informed by him that it was necessary for her to undergo a surgical operation. Upon receiving this information, the son asked Dr. Randall to make arrangements to take his mother to the hospital of appellee. This the doctor did, and on the next day informed the son that the arrangements had been made. Upon receiving this information, the son took his mother to the hospital. They were met by one of the Sisters, and Mrs. Jones was given a room in a new building which had been recently added to the hospital, with which it

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was connected and formed a part. At the time Mrs. Jones was received in the hospital, there was a patient therein who was afflicted with smallpox. This smallpox patient was not in the new building, but was on the opposite side of the hospital and on a different floor from that on which Mrs. Jones was placed. The Sister who received Mrs. Jones did not inform her or her son that there was a case of smallpox in the hospital, and they were both ignorant of that fact. If they had known of the case of smallpox being in the hospital, Mrs. Jones would not have gone there to be operated on, nor would plaintiff or her son have consented to her going in and remaining in said hospital. Dr. Randall, who acted for Mrs. Jones and her son in making the arrangements with the hospital authorities, knew when he made the arrangements of the existence of the case of smallpox in the hospital. A short time after Mrs. Jones went to the hospital and was operated on by Dr. Randall, another case of smallpox developed in a ward of the hospital upon the same floor and adjoining the ward in which the first case occurred. This was followed in the next week or ten days by two more cases, all of which were on the same floor and in the same portion of the building in which the first case was discovered. As soon as the first case occurred, the health officer of the city of Galveston was notified, and he at once took charge of the situation, and the strictest and most scientific method of treatment and quarantine of the patient was established and carried out by the hospital authorities. This patient recovered, but the second patient to contract the disease died therefrom. When the second, third, and fourth patients were found to have the disease, each of them was removed from the main hospital building and placed in a small building in the corner of the hospital yard. On the fourteenth day after Mrs. Jones was operated upon, and when she was fully convalescent from the operation, she was stricken with smallpox and died from that disease in a few days. Mrs. Jones was accepted by the hospital authorities as a pay patient at a charge of $17.50 per week, and the charge for the first week was paid by her son when she was placed in the hospital. There had never been a case of smallpox in the room, nor in the portion of the hospital in which Mrs. Jones was placed, and no case except hers developed in that portion of the building.

We agree with the trial judge that these facts are not sufficient to require the submission to the jury of the question of appellants' liability for damages for the death of Mrs. Jones. The allegation that Mrs. Jones was placed in a room in which a patient had a short time before died of smallpox is disproved by all of the evidence.

The only remaining ground of recovery is the allegation that defendant negligently failed to inform plaintiff or his wife that there was a case of smallpox in the hospital at the time plaintiff's wife entered therein as a patient. There is no evidence of any intentional concealment on the part of the hospital authorities of the existence of the case of smallpox. All that is shown is that neither Mrs. Jones nor her son was informed at the time she entered the hospital that there was a case of smallpox therein. Mrs. Jones was not placed near the smallpox patient, but in a room to herself in an entirely different portion of the hospital and upon a different floor and in a different building. No one was allowed to go into the room of the smallpox patient except the nurse and the doctor, and this nurse was not allowed to see other patients in the hospital and did not go into the portion of the building in which Mrs. Jones' room was situated. Mrs. Jones' physician, who knew of the existence of the smallpox therein when he made the arrangements for her to enter the hospital, evidently thought it perfectly safe for her to go there, or he would have advised her to go elsewhere to be operated on. The health officer of Galveston, who gave directions as to the quarantine of the patient, did not prohibit the reception of other patients in the hospital.

We cannot see how the Sisters can be held negligent for doing that which the most eminent medical authorities, with a full knowledge of the situation, regarded as safe. Plaintiff's wife in some unaccountable way may have contracted the disease from cases which occurred in the hospital, but the hospital authorities could not, in the circumstances, have reasonably anticipated that she would contract the disease, and cannot therefore be held to have been guilty of negligence in failing to inform her when she applied for admission that there was a case of smallpox in the hospital.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.